Filed 3/20/15  P. v. Hill CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>RICHARD M. HILL,<br><br>　　Defendant and Appellant. | D066033<br><br><br>(Super. Ct. No. PLAF4374) |

APPEAL from a judgment of the Superior Court of San Diego County, Desiree A. Bruce-Lyle, Judge.  Dismissed.

Patrick Morgan Ford, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L Garland, Assistant Attorney General, Barry Carlton and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

As a juvenile, Richard Hill committed a lewd and lascivious act on a child.  Years later, Hill was convicted of a narcotics offense and sentenced to prison.  He was eventually released on parole and, because of his criminal history, his parole conditions

included requirements that he stay away from places children congregate and wear a Global Positioning System (GPS) monitoring device.

In January 2014, Hill violated his parole by removing his GPS monitoring device and absconding from supervision. On his arrest, Hill was found to be in possession of drug paraphernalia. Hill now appeals, claiming the parole conditions requiring that he stay away from children and wear a GPS device are unconstitutionally vague and overbroad, and have nothing to do with the narcotics offense for which he was originally sentenced to prison or to future criminality. The People claim the matter is not properly raised in this court, or any court, until Hill exhausts available administrative remedies.

FACTUAL AND PROCEDURAL BACKGROUND

In 2004, the juvenile court made a true finding that Hill committed a lewd and lascivious act on his eight-year-old stepsister. In 2010, Hill was convicted of possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)) and sentenced to state prison for a term of two years. He was released on parole in September 2011. His parole conditions required him to stay away from places children congregate and wear a GPS monitoring device.

In April 2013, Hill absconded from parole supervision. The Board of Parole Hearings issued a warrant for his arrest. In September, police contacted Hill in connection with a domestic dispute and arrested him on learning of the arrest warrant. Hill's parole agent petitioned for revocation of parole. Hill re-acknowledged his parole conditions, which required him to stay away from places children congregate and wear a GPS monitoring device at all times, and was again released on parole.

2

In November 2013, Hill tampered with and subsequently removed his GPS monitoring device, once again absconding from parole supervision. The superior court suspended Hill's parole and issued an arrest warrant. In December, police arrested Hill, and his parole agent again petitioned for revocation of parole. Hill admitted his parole violation and agreed to serve additional time in custody as part of the revocation.

In January 2014, Hill was released from custody. He was arrested in April 2014, when he again failed to report to his parole agent, and was found to be in possession of drug paraphernalia. Hill's parole agent recommended revocation of parole based on his propensity to abscond from supervision and his possession of drug paraphernalia.

In May 2014, Hill waived a parole revocation hearing, admitted his parole violations, and agreed to serve 135 days in custody. Hill then filed a notice of appeal, contesting the "parole evidentiary hearing on violation."

I

DISCUSSION

*Exhaustion of Administrative Remedies*

"It is well settled that inmates must exhaust available administrative remedies before filing a petition for habeas corpus in the courts." (*In re Hudson* (2006) 143 Cal.App.4th 1, 7, citing *In re Muszalski* (1975) 52 Cal.App.3d 500, 508.)[1] A parolee,

---

[1] Although the " 'doctrine of exhaustion of administrative remedies' " is not entirely inflexible, Hill does not assert and we do not find that any of the usual exceptions apply in this case. (*In re Hudson*, *supra*, 143 Cal.App.4th at p. 7; *Ogo Associates v. City of Torrance* (1974) 37 Cal.App.3d 830, 834 ["It contains its own exceptions, as when the subject matter of the controversy lies outside the administrative agency's jurisdiction [citation], when pursuit of an administrative remedy would result in irreparable harm [citations], when the administrative agency cannot grant an adequate remedy [citations],

dissatisfied with his parole conditions, can challenge those conditions by an administrative review. (Cal. Code Regs., tit. 15, §§ 3084.1-3084.3, 3084.8-3084.9 [describing appeal process for inmates and parolees with grievances].) He can also request reconsideration of the length or conditions of his parole by an administrative appeal. (Pen. Code, § 3000, subd. (b)(5), (7) [inmates have the right to reconsideration by the Board of Parole Hearings, also known as the parole authority]; Pen. Code, §§ 5075.1, 5077 [Board of Parole Hearings shall review prisoner requests for setting of parole length or conditions and have authority to modify previous decisions of the Department of Corrections on these matters].)

Hill neither challenged his parole conditions by an administrative review nor requested reconsideration by an administrative appeal. Instead, Hill sought to circumvent available administrative remedies by appealing to this court. The appeal is unauthorized and we therefore must dismiss the appeal without proceeding to the merits.

DISPOSITION

The appeal is dismissed.

McDONALD, J.

WE CONCUR:

NARES, Acting P. J.

O'ROURKE, J.

---

and when the aggrieved party can positively state what the administrative agency's decision in his particular case would be."].)

4